UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Harry Zeiser, et al. | : | Case No. 1:14cv75 |
| Plaintiffs, | : | Judge Bertelsman |
| v. | : | Magistrate Judge Litkovitz |
| Campbell Hausfeld/Scott Fetzer Company | : | |
| Defendant. | : | |
| | : | |

_____

## STIPULATED PROTECTIVE ORDER

The parties to Case No. 1:14-CV-75 (referred to herein as "this action"), Harry Zeiser, Della Pennington, Prudence Rembado (collectively, "Plaintiffs"), and Defendant Campbell Hausfeld/Scott Fetzer Company ("Defendant") hereby stipulate and agree as follows:

WHEREAS, the parties to this action recognize that certain documents will be produced that may contain confidential information; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1. **Confidential Information:** Plaintiffs, Defendant, and/or any experts or consultants retained by Plaintiffs or Defendant are required to maintain the confidentiality of documents obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case that either party deems confidential and designates and marks as

"Confidential" during discovery. This information is protected from disclosure to the public regardless of whether it is conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among the parties. The "Confidential" designation must be made at the time the document or information is disclosed or produced.

2.    **Disputes Regarding Confidential Documents**:   Any party objecting to the designation of any document as Confidential shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

3.    **Limitation on Disclosure**:   All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation. Confidential documents may be disclosed only to the following persons:

a.    Attorneys of record for any party to this action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

b.    The parties to this action;

c.    The Court and its personnel;

d.    Employees or former employees of Defendant and any parent, subsidiary or related entity, if required to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

e.    Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation,

2

who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

f.      Any arbitrator or mediator designated in this action;

g.      Any court reporter employed in connection with a deposition in this litigation;

h.      Any person approved in writing, in advance of disclosure, by the producing party.

4.      All persons reviewing or receiving copies of Confidential documents are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order. Before either party to this action disseminates any Confidential Information, that party shall provide the person to whom such disclosure is made with a copy of this Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein. Notwithstanding the foregoing, the parties to this action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential Information, but shall be bound by the terms of this Protective Order by their signature or the signature of their respective counsel herein.

5.      Should a receiving party utilize any Confidential Information as an exhibit to a deposition or in any pretrial hearing, such document or any testimony relating thereto shall be submitted and kept under seal for a period of 20 business days after receipt of the transcript.

a.      If a party wishes to designate any part of the deposition as Confidential Information under this Order, the party shall either make a statement on the record at the

3

time of the disclosure or notify counsel for the other party in writing within the 20 business day period of the portions of the deposition to be so designated.

b.      Counsel for the designating party shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains Confidential Information, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.

c.      Only those portions of each transcript designated as "Confidential" in this action shall be deemed Confidential Information.

6.      A procedure for use of Confidential Information as exhibits at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court.  This Protective Order does not authorize filing protected materials under seal.  No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996).  Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

7.      This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential Information on any ground.   The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at the time of trial or otherwise.

8.      This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

9.      **Inadvertent Disclosures of Privileged Materials**: The parties agree that they will cooperate with each other regarding materials that may be attorney-client

4

privileged or work product. To the extent any protected materials inadvertently are produced by one side to the other, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s). Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party shall within 5 business days either (1) return all copies of the materials or, if the claimed privilege is contested, (2) so advise the other party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

10. Any waiver under this Protective Order must be made in writing or, if at a deposition, on the record. Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

11. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing and by order of the Court.

For good cause appearing, IT IS SO ORDERED.

Dated: _____Aug. 11_____, 2014

_____
MAGISTRATE JUDGE LITKOVITZ

5

HAVING SEEN AND AGREED:


*/s/ George M. Ruel, Jr. (per email*
*authorization)*
Randolph H. Freking
George M Reul, Jr.
Freking & Betz
525 Vine Street
Sixth Floor
Cincinnati, OH 45202
Telephone: (513) 721-1975
Facsimile: (513) 651-2570
E-mail: rfreking@frekingandbetz.com
E-mail: greul@frekingandbetz.com

*Counsel for Plaintiffs*

*s/ David K. Montgomery*
David K. Montgomery (0040276)
Jamie M. Goetz-Anderson (0083562)
Jackson Lewis P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
E-mail: david.montgomery@jacksonlewis.com
E-mail: jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant*

<u>**EXHIBIT A**</u>

**ACKNOLWEDGEMENT AND CONSENT TO JURISDICTION**

I, _____ acknowledge that I have been given a copy of and have read the Stipulated Protective Order in <u>Harry Zeiser, et al. v. Campbell Hausfeld/Scott Fetzer Company</u>, United States District Court, Southern District of Ohio, Western Division, Case No. 1:14-CV-75, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Protective Order. I further acknowledge and agree that all Confidential documents shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned or destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court, Southern District of Ohio, Western Division for the purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the State of Ohio that the forgoing is true and correct.

Executed on _____, _____ at _____.

_____

4827-4063-8236, v. 1